IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF MARYLAND

| | |
|---|---|
| TERRI COWGILL<br><br>    Plaintiffs<br><br>v.<br><br>FIRST DATA TECHNOLOGIES, INC<br><br>SERVE:<br><br>    RESIDENT AGENT<br>    CSC-LAWYERS INCORPORATING<br>    SERVICE COMPANY<br>    7 ST. PAUL STREET, SUITE 820<br>    BALTIMORE, MD<br><br>FISERV SOLUTIONS LLC<br><br>SERVE:<br><br>    RESIDENT AGENT<br>    THE PRENTICE-HALL CORPORATION<br>    SYSTEM, MARYLAND<br>    7 ST. PAUL STREET, SUITE 820<br>    BALTIMORE, MD<br><br><br>    Defendants | Civil Action No.<br><br><u>COMPLAINT AND<br>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments of 2008, ("ADA"), and pursuant to § 107 of the Family Medical Leave Act ("FMLA"), to correct unlawful employment practices

on the basis of disability, and to provide appropriate relief to the Plaintiff, Terri Cowgill, who was adversely affected by such practices. As alleged with greater particularity below, the Plaintiff alleges that Defendant FIRST DATA TECHNOLOGIES, INC., ("Defendant" or "First Data") has committed disability discrimination in violation of the ADA and FMLA by discharging TERRI COWGILL because she was disabled, and Defendant did not want to accommodate her disability, and/or because of her usage of FMLA leave and other accommodations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a; and pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) The Family Medical Leave Act ("FMLA"), as amended, 29 U.S.C § 2601, *et seq*.

2. Jurisdiction of the action is conferred on this Court by Section 16(b) of the Act (29 USC Section 216 (b)), and by the provisions of 28 USC Section 1337, relating to any civil liability or proceeding arising under any Act of Congress regulating Commerce. Jurisdiction is also conferred by 28 U.S.C. Section 1367.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

4. Venue is conferred on the United States District Court for the District of Maryland, Northern Division by 28 USC Section 1391 (b) and (c).

## PARTIES

5. Plaintiff is an adult resident of the State of Pennsylvania. At all relevant times, Plaintiff was disabled as defined under the ADA.

6. FIRST DATA TECHNOLOGIES, INC. is a Delaware corporation with its principal office located at 6200 S. Quebec Street, Suite 450, Greenwood Village, CO.

7. FISERV SOLUTIONS, LLC is a Wisconsin corporation with its principal office located at 255 Fiserv Drive, Brookfield, Wisconsin.

8. Upon information and belief, Defendant, First Data, has been integrated with Defendant Fiserv Solutions LLC, ("Fiserv") since July 29, 2019, including but not limited to, Fiserv's control over FIRST DATA's employment relations and therefore it is an integrated employer of the Plaintiff. Alternatively, upon information and belief, First Data is a subsidiary of Fiserv and Fiserv controls FIRST DATA, including the control over FIRST DATA's employees. Therefore, Fiserv was Plaintiff's employer for the purpose of this action (hereinafter collectively, "First Data").

9. At all relevant times, First Data has continuously been doing business in the State of Maryland and the County of Washington, and have continuously had at least fifty (50) employees.

10. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(b) and (h).

11. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. More than thirty days prior to the institution of this lawsuit, Terri Cowgill filed a charge of discrimination with the Equal Employment Opportunity Commission ("Commission") alleging violations of the ADA and FMLA by Defendant **FIRST DATA**.

13. The Commission made a determination of no reasonable cause on June 6, 2019, and issued a Notice of Right to Sue letter (attached hereto as **Exhibit 1).** All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS

14. From July 5, 2004 to September 14, 2015, Ms. Cowgill was employed with FIRST DATA in the position of Summer Contract Center Service Representative.

15. On or about January 5, 2015, Ms. Cowgill was injured in a car accident. During this accident she sustained injuries which caused her to develop severe back and neck pain, as well as frequent serious headaches. As a result of her injuries Ms. Cowgill was unable to sit or walk for extended periods, frequently experienced extreme pain when attempting to perform daily tasks, and had to rest for extended periods. Ms. Cowgill's quality of life and ability to function were dramatically impacted by her injuries. Her injuries affected numerous major life function and therefore she was disabled as defined under ADA.

16. In spite of her injuries, Ms. Cowgill was able to perform the essential functions of her job with reasonable accommodations which would not have been a burden to First Data.

17. First Data was engaged in a process of large-scale employee terminations during the time period Ms. Cowgill was injured, and had begun requiring mandatory overtime of its employees.

18. Because of her condition, Ms. Cowgill applied for intermittent FMLA and was approved on January 26, 2015 for the period of January 15, 2015 through February 20, 2015.

19. Ms. Cowgill's request for an amended schedule of four (4) hours per day three to five (3-5) days per week was not accommodated, and she continued to attempt to work a normal schedule including company required mandatory overtime.

20. On February 11, 2015, Ms. Cowgill was issued a Final Written Warning for violating the company's attendance policy, despite being notified that her FMLA leave had been approved. While this warning was dropped after Ms. Cowgill contacted the Human Resources office, Ms. Cowgill was advised her job could be in jeopardy if she did not work the required mandatory overtime hours.

21. On August 4, 2015 Ms. Cowgill received notice that her FMLA recertification plan was mailed. She was notified in the same conversation that she was being put on an Improvement Action Plan for dropping a call on July 10, 2015. This notification was extremely unusual considering the company's standard practice of reviewing questionable calls within two days, and this review taking place almost a month after the call was conducted. Ms. Cowgill was placed on this improvement plan despite following all company policies and procedures for dropping a call. This was the first disciplinary action taken against Ms. Cowgill during her entire tenure with First Data.

22. As part of the Improvement Action Plan, Ms. Cowgill was to receive weekly counseling with regard to her call handling skills, which she never received. Even after Ms.

Cowgill inquired about the prescribed coaching, the sessions were never conducted. Additionally, Ms. Cowgill was not allowed to dispute her negative scoring, which was entirely atypical and not consistent with First Data's policy.

23. Ms. Cowgill routinely received above average performance reviews during her tenure, and the 2014 year end performance review shows she met or exceeded her expectations for that year. Ms. Cowgill's Midyear performance review in 2015 again showed she met or exceeded all expectations for the period of January 1, 2015 to April 30, 2015. Prior to her becoming disabled, Ms. Cowgill was never disciplined, nor placed on an Improvement Action Plan, and was performing her duties to First Data's legitimate expectations.

24. Ms. Cowgill was reapproved for intermittent FMLA on August 20, 2015.

25. On September 9, 2015 Ms. Cowgill received a low rating from a caller in a post-call survey. The employer monitored the recorded call and did not hear the caller speaking at all. After about 30 seconds of the caller not responding the call was disconnected and transferred to a post call survey where the caller complained no one responded to his call. Ms. Cowgill had picked up the call and stated her required introduction, she waited a further thirty seconds and then initiated a disconnection. First Data's policy allows for a call to be disconnected after no response is received to an employee's introduction. After the disconnection was initiated, Ms. Cowgill heard a man say "Hello?" and attempted to reconnect the call, but at this point the call was irretrievable. Ms. Cowgill was aware she was on an Improvement Action Plan and had no reason to prematurely disconnect a call. Review of the recording did not show any audio from the caller and did not show Ms. Cowgill violating any First Data policy. Additionally, First Data did not determine if the silence was due to a mechanical issue with either Ms. Cowgill's or the caller's phone.

26. Nevertheless, Ms. Cowgill's employment with the Defendant was terminated for this incident on September 14, 2015 for the stated reason of call avoidance related to the incident on September 9, 2015, First Data did not typically terminate long-term employees with very good performance records for incidents such as this.

27. Ms. Cowgill believes that the basis for her termination was merely a pretext and that First Data terminated her because of her disability in that the injury to her back substantially limited her from major life activities, e.g. sitting for long periods of time, lifting or working that were essential functions of her positions, and/or it did not want to provide the reasonable accommodations she needed to perform the essential functions of her job.

## COUNT I
### (Violation of the ADA)

28. Plaintiff hereby adopts and incorporates paragraphs 1-27 above.

29. On or about September 14, 2015, Defendant engaged in unlawful employment practices at its facility in its Hagerstown, Maryland in violation of Sections 102(a), (b)(1) & (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) & (b)(4) when it discharged Terri Cowgill because it regarded her as having a disability.

30. The effect of the practices complained of in paragraph 1-27, above, has been to deprive Terri Cowgill of equal employment opportunities and otherwise adversely affect her status as an employee because of disability.

31. The unlawful employment practices complained of in paragraph 1-27 above, were intentional.

32. The unlawful employment practices complained of in paragraph 1-27 above, were done with malice or with reckless indifference to the federally protected rights of Ms. Cowgill.

33. The unlawful employment practices complained of in paragraphs 1-27 above, were willful within the meaning of Section 7(b) of the ADA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Wherefore, the Plaintiff, Terri Cowgill, respectfully requests that this Court:

A. Declare that the actions of Defendant described above were discriminatory in violation of the ADA of 1990.

B. Grant a permanent injunction enjoining Defendant their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability and age discrimination, including discharge, and any other employment practice which discriminates on the basis of disability.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to maintaining a policy that prohibits disability and age discrimination and conducting employee training regarding such policy.

D. Order Defendant to pay Terri Cowgill appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E. Order Defendant to make whole Terri Cowgill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 28-33, above, in amounts to be determined at trial.

      F.      Order Defendant to make whole Terri Cowgill by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11-29 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

      G.      Order Defendant to pay Ms. Cowgill punitive damages for the malicious and reckless conduct described in paragraphs 28-33 above, in amounts to be determined at trial.

      H.      Grant such further relief as the court deems necessary and proper in the public interest.

### COUNT II
### (Violation of the ADA)

34.    Plaintiff hereby adopts and incorporates paragraphs 1-33 above.

35.    On or about September 14, 2015, Defendant discharged Ms. Cowgill because it refused to make a reasonable accommodation to a known physical disability of an otherwise qualified individual with a disability.

36.    By discharging Ms. Cowgill, Defendant engaged in unlawful employment practices at its facility in Hagerstown, Maryland in violation of Sections 102(a), (b)(1) & (b)(4) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5).

37.    The effect of the practices complained of in paragraphs 1-27 above, has been to deprive Ms. Cowgill of equal employment opportunities and otherwise adversely affect her status as an employee because of disability.

38.    The unlawful employment practices complained of in paragraph 1-27 above, were intentional.

39.    The unlawful employment practices complained of in paragraph 1-27 above, were done with malice or with reckless indifference to the federally protected rights of Ms. Cowgill.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff, Terri Cowgill, respectfully requests that this Court:

A.  Declare that the actions of Defendant described above were discriminatory in violation of the ADA of 1990.

B.  Grant a permanent injunction enjoining Defendant their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability and age discrimination, including discharge, and any other employment practice which discriminates on the basis of disability.

C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to maintaining a policy that prohibits disability and age discrimination and conducting employee training regarding such policy.

D.  Order Defendant to pay Terri Cowgill appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E.  Order Defendant to make whole Terri Cowgill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 28-33, above, in amounts to be determined at trial.

F.  Order Defendant to make whole Terri Cowgill by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in

paragraphs 1-27 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

  G. Order Defendant to pay Ms. Cowgill punitive damages for the malicious and reckless conduct described in paragraphs 34-39 above, in amounts to be determined at trial.

  H. Grant such further relief as the court deems necessary and proper in the public interest.

## COUNT III
### (Violation of the FMLA)

40. Plaintiff hereby adopts and incorporates paragraphs 1-39 above.

41. The Defendant is an "employer" covered by the FMLA, as they employ fifty (50) or more employees for each work day during each of during each of twenty (20) or more calendar weeks.

42. Plaintiff was an eligible "employee" under the FMLA as she has been employed by the Defendant, and has been working under the supervision and control of the defendant for more than twelve (12) consecutive months, and during this time period has worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave in January 2015.

43. When the Plaintiff gave the Defendant notice of her need for FMLA leave, these actions constitute protected action under the FMLA.

44. As a direct result of the plaintiff taking protected action by requesting FMLA leave, the Defendant retaliated against her by first placing her on Improvement Action Plan and by subsequently terminating Plaintiff's employment after over fifteen years of loyal service.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff, Terri Cowgill, respectfully requests that this Court:

A. Declare that the actions of Defendant described above were in violation of the FMLA.

B. Grant a permanent injunction enjoining Defendant their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in violations of the FMLA.

C. Order Defendant to make whole Terri Cowgill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 40-45, above in amounts to be determined at trial.

D. Order Defendant to make whole Terri Cowgill by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 40-45 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

E. Order Defendant to pay Ms. Cowgill punitive damages for the malicious and reckless conduct described in paragraphs 40-45 above. in amounts to be determined at trial.

F. Grant such further relief as the court deems necessary and proper in the public interest.

**COUNT IV**
**(Retaliation Under ADA)**

45. Plaintiff adopts and incorporates by reference paragraphs 1-44 above.

46. ADA, 29 U.S.C. §626(b), and regulations promulgated thereunder prohibit retaliation against an employee for having a disability and for requesting accommodations for that disability.

47.     As indicated above on January 26, 2019 Plaintiff requested reasonable accommodations for her disability, and was never granted these accommodations in practice.

48.     By requesting reasonable accommodations for her disability, Plaintiff has engaged in activities protected by ADA, 29 U.S.C. §626(b).

49.     The Defendant was aware of all of the Plaintiff's protected activities at or about the times she engaged in them.

50.     As described above the Defendant became of Plaintiff's need for accommodations on January 26, 2019.

51.     Subsequently the Defendant retaliated against the Plaintiff, by denying her requested accommodations, fabricating performance issues, and ultimately terminating the Plaintiff because she was disabled and the Defendant did not wish to provide the requisite accommodations.

52.     As a result of the Defendant's retaliation against her, Plaintiff has suffered and is suffering considerable injury, including emotional distress, loss of present and future earnings, and other financial damages such as loss of leave, denial of wage increase, and loss of benefits.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination, including discharge, and any other employment practice which discriminates on the basis of disability.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons and which eradicate the effects of their past and present unlawful employment practices, including but not limited to maintaining a policy that prohibits disability discrimination and conducting employee training regarding such policy.

  C. Order Defendant to pay Terri Cowgill appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

  D. Order Defendant to make whole Terri Cowgill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 45-52, above, in amounts to be determined at trial.

  E. Order Defendant to make whole Terri Cowgill by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 46-53 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

  F. Order Defendant to pay Terri Cowgill punitive damages for the malicious and reckless conduct described in paragraphs 45-52 above, in amounts to be determined at trial.

  G. Grant such further relief as the court deems necessary and proper in the public interest.

  H. Award the Plaintiff attorney's fees and the costs of this action.

## **JURY TRIAL DEMAND**

Plaintiff, Terri Cowgill, requests a jury trial on all questions of fact raised by her complaint.

Respectfully submitted,

/s/ _____
David C. Weaver
CPF# 9512140270
Weaver & Fitzpatrick, P.A.
131 West Patrick Street
Frederick, Maryland 21701
301-694-4949
Attorney for the Plaintiff