IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TERRI COWGILL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) |
| | )    **CASE NO. 1:19-cv-02565-ADC** |
| **FIRST DATA TECHNOLOGIES, INC., and** | ) |
| **FISERV SOLUTIONS, LLC,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT FIRST DATA TECHNOLOGIES, INC.'S MOTION TO STRIKE PLAINTIFF'S EXHIBITS**

Defendant First Data Technologies, Inc. ("First Data") files this Memorandum of Law in support of its Motion to Strike the exhibits to Plaintiff Terri Cowgill's ("Plaintiff") opposition to First Data's Motion to Dismiss Counts III and IV of Plaintiff's Complaint.

**I.     Introduction.**

First Data moved to dismiss Plaintiff's Family and Medical Leave Act ("FMLA") claim in Count III of the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (because the claim is time barred). First Data also moved to dismiss Plaintiff's Americans with Disabilities Act ("ADA") Retaliation Claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (because Plaintiff failed to exhaust her administrative remedies regarding that claim). In her response papers, Plaintiff attached a number of exhibits. Plaintiff attached three exhibits to her "Response to First Data Technologies, Inc.'s Motion to Dismiss Count III." Plaintiff describes Exhibit 1 as a "letter explaining the sequence of events" regarding her efforts to file her Charge with the EEOC. Plaintiff states that Exhibit 2 is "confirmation" that the letter

1

"was signed for by the EEOC." Exhibit 3 appears to reflect the EEOC's intake notes for Plaintiff's Charge.

Plaintiff attached two exhibits to her "Response to Defendant First Data Technologies, Inc.'s Motion to Dismiss Count IV." Exhibit 1 appears to be the same EEOC intake notes previously referenced herein. Exhibit 2 appears to reflect Plaintiff's e-mail correspondence with the EEOC regarding points made by First Data in its position statement.

The exhibits attached to Plaintiff's Response to First Data's Motion to Dismiss Counts III and IV of the Complaint should be stricken because they refer to matters outside the pleadings and because Plaintiff made no showing of authenticity required for consideration.

## II.  The Exhibits to Plaintiff's Response to First Data's Motion to Dismiss Counts III and IV of the Complaint Improperly Refer to Matters Outside the Pleadings.

Generally, a court may not consider matters outside the pleadings when ruling on a motion to dismiss pursuant to Rule 12(b)(6). *Glenn v. Wells Fargo Bank, N.A.*, No. CV PX 15-3058, 2017 WL 371956, at *12 (D. Md. Jan. 26, 2017), *aff'd*, 710 F. App'x 574 (4th Cir. 2017). "The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *In re Under Armour Sec. Litig.*, No. CV RDB-17-0388, 2019 WL 3892319, at *1 (D. Md. Aug. 19, 2019). Such documents must be "integral" to the complaint and their authenticity must not be disputed. *Glenn*, 2017 WL 371956, at *12. "To be 'integral,' a document must be one 'that by its very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Id.* (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).

Plaintiff's exhibits should be stricken as none were attached to, referenced in, or otherwise integral to Plaintiff's Complaint. Therefore, the Court should not consider these

exhibits when analyzing First Data's Motion.  *See Glenn*, 2017 WL 371956, at *12 (declining to consider exhibits filed in support of plaintiff's opposition to motion to dismiss because those documents "d[id] not form the basis of Plaintiff's claims and [were] not necessary to resolve the Motion to Dismiss").

### III. The Exhibits to Plaintiff's Opposition to First Data's Motion to Dismiss Counts III and IV of the Complaint Lack Authenticity.

In determining whether subject matter jurisdiction exists, the Court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Niamath v. SCMD, LLC*, No. CV GLR-14-1809, 2018 WL 9945848, at *1 (D. Md. May 30, 2018).  However, the standard applicable to summary judgment motions applies—"the nonmoving party [must] set forth specific facts, beyond her pleadings, to show that a genuine issue of material fact exists."  *Niamath*, 2018 WL 9945848, at *1.  And, like in a summary judgment proceeding, "a party must be able to present the materials it cites in a form that would be admissible in evidence." *Id.* at *2 (internal quotation marks omitted); s*ee also Frazier v. Dep't of Juvenile Servs.*, No. CIV. JFM-10-843, 2011 WL 5592890, at *4 (D. Md. Nov. 15, 2011) ("[I]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment.") (citations omitted).

All of Plaintiff's exhibits should be stricken as they lack any reasonable level of authenticity and thus would not be admissible in evidence.  *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating … an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").  Indeed, Plaintiff has offered no sworn statements or any other form of authentication to establish that these exhibits are what she claims they are; as such they should be stricken.

## **CONCLUSION**

For the foregoing reasons, Defendant First Data Technologies, Inc. respectfully requests that its Motion to Strike Plaintiff's Exhibits be granted.

Dated:  January 2, 2020  Respectfully Submitted,

 _/s/ Heather S. Goldman_
Heather  S. Goldman,  D. Md. Bar #18951
Bryan J. Harrison, D. Md. Bar # 19165
Charles B. Jellinek (admitted *pro hac vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1155 F Street, NW, Suite 700
Washington, D.C. 20004
Telephone:  (202) 508-6311
Facsimile:  (202) 508-6200
E-mail:  heather.goldman@bclplaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of January 2020, the foregoing was filed with Court's electronic CM/ECF filing system and also sent via U.S. Mail and email to the following:

>Terri Cowgill
>121 E. North Street
>Waynesboro, PA 17268
>
>terricowgill@hotmail.com
>
>*Plaintiff (Pro Se)*

        */s/ Heather S. Goldman*
        Heather S. Goldman