IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| TERRI COWGILL, | * | |
|---|---|---|
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-19-2565 |
| FIRST DATA TECHNOLOGIES, INC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant First Data Technologies, Inc. ("First Data") and Defendant Fiserv Solutions, LLC ("Fiserv") (collectively "Defendants") each individually move this Court to dismiss Plaintiff Terri Cowgill's[1] Complaint for violations of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA") (ECF Nos. 31 and 33, respectively). Additionally, First Data and Fiserv each filed a Motion to Strike Plaintiff's Exhibits attached to her Responses to their Motions to Dismiss as not integral to the pleadings and unauthenticated (ECF Nos. 42 and 44, respectively). After considering the Motions to Dismiss and the responses thereto (ECF Nos. 39, 40, 41, 43), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendant First Data's Motion to Dismiss (ECF No. 31) and GRANTS Defendant Fiserv's Motion to Dismiss (ECF No. 33). The Court will also GRANT Defendant First Data's Motion to Strike (ECF No. 42) and GRANT Defendant Fiserv's Motion to Strike (ECF No. 44).

---

[1] Plaintiff is currently *pro se*, but she was represented by counsel when she filed her Complaint. *See* ECF No. 1. Accordingly, the Court will use the lenient pleading standards afforded to *pro se* plaintiffs when evaluating all Plaintiff's pleadings and motions other than her Complaint.

1

## FACTUAL BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the challenged complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff began working for First Data at their Hagerstown, Maryland location on July 5, 2004. ECF No. 1 at 4, ¶ 14; ECF No. 31-1 at 2. On January 5, 2015, Plaintiff was injured in a car accident, from which she developed severe back and neck pain and headaches. ECF No. 1 at 4, ¶ 14. Under the ADA, an individual is disabled when they have a physical impairment "that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Plaintiff alleges she was disabled within this definition as a result of her car accident, but she was still "able to perform the essential functions of her job with reasonable accommodations." ECF No. 1 at 4, ¶ 15–16.

Plaintiff applied for intermittent FMLA leave, for which she was approved on January 26, 2015, for the period of January 15, 2015 through February 20, 2015. *Id.* at 5, ¶ 18. Based on her FMLA approval, Plaintiff submitted a request for an amended schedule of four hours per day three to five days per week. *Id.* at 5, ¶ 19. Despite being approved for FMLA, on February 11, 2015, Plaintiff received a Final Written Warning for violating First Data's attendance policy. *Id.* at 5, ¶ 20. This warning was dismissed after Plaintiff notified Human Resources. *Id.*

On August 4, 2015, Plaintiff received notice that she was being placed on an Improvement Action Plan ("IAP") for "dropping" a call on July 10, 2015. *Id.* at 5, ¶ 21. Plaintiff alleges First Data has a standard practice of reviewing questionable calls within two days, and it was very unusual to receive notice of a questionable call almost a month after it occurred. *Id.* As Part of her IAP, Plaintiff was supposed to receive weekly counseling for her call handling skills, which she alleges she did not receive even after she inquired about them. *Id.* at 5–6, ¶ 22. Additionally,

Plaintiff alleges she was not allowed to dispute the negative score leading to her IAP contrary to First Data's policy. *Id.*

On August 20, 2015, Plaintiff was reapproved for intermittent FMLA. *Id.* at 6, ¶ 24. On September 9, 2015, Plaintiff was on a call with a customer and could not hear the caller speaking; she disconnected the call after thirty seconds of silence from the caller, per First Data policy. *Id.* at 6, ¶ 25. While in the process of disconnecting, Plaintiff heard the caller speak, but it was too late to retrieve the call. *Id.* Plaintiff alleges First Data never determined whether the silence was due to any mechanical issue with either Plaintiff's or the caller's phone. *Id.* The caller subsequently gave her a low rating on the post-call survey, negatively implicating Plaintiff's IAP. *Id.* First Data terminated Plaintiff for violating her IAP on September 14, 2015, even though Plaintiff was a long-term employee with an otherwise good performance record. *Id.* at 7, ¶ 26.

On August 17, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against First Data for discrimination based on disability. *See* ECF No. 31-2.[2] On June 5, 2019, Plaintiff received a dismissal of her Charge from the EEOC as well as a Notice of Rights letter. *See* ECF No. 1-4. On July 29, 2019, Fiserv acquired First Data through a merger. *See* ECF No. 1 at 3, ¶ 8; ECF No. 33-1 at 3.

## PROCEDURAL BACKGROUND

On September 5, 2019, Plaintiff filed this lawsuit against Defendants, seeking declarations that Defendants violated the ADA and FMLA, permanent injunctions enjoining Defendants and

---

[2] Plaintiff did not attach a copy of her EEOC Charge of Discrimination to her Complaint, but First Data attached a copy to its Motion to Dismiss. Though Plaintiff did not provide the Court with her EEOC Charge, the Court may still consider a document attached to a motion to dismiss so long as the document is "integral to the complaint and authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) (quoting *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). Here, the EEOC Charge is integral to the Complaint because it is a necessary precursor to Plaintiff's ability to file this lawsuit.

their employees from further discrimination, and awards of past and future pecuniary and non-pecuniary losses, liquidated damages, punitive damages, and prejudgment interest (ECF No. 1).[3] On December 5, 2019, both First Data and Fiserv filed individual Motions to Dismiss for failure to state a claim and lack of jurisdiction (ECF Nos. 31, 33). Additionally, on December 5, 2019, First Data filed a partial Answer to Counts I and II of Plaintiff's Complaint (ECF No. 30). On December 18, 2019, Plaintiff opposed the Motions to Dismiss (ECF Nos. 39, 40), and on January 2, 2020, First Data and Fiserv each filed replies (ECF Nos. 41, 43). Also on January 2, 2020, First Data and Fiserv individually filed Motions to Strike exhibits to Plaintiff's Responses (ECF Nos. 42, 44). Plaintiff did not respond to the Motions to Strike, and the time to do so has since passed. Accordingly, the Motions to Dismiss and the Motions to Strike are fully briefed.

## DISCUSSION

### A. Standard of Review for Motions to Dismiss for Failure to State a Claim

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*,

---

[3] On September 5, 2019, in accordance with Standing Order 2019-07 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 3.

"[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

Alternatively, the purpose of a Rule 12(b)(1) motion challenges a court's authority to hear the matter brought in a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). Essentially, a Rule 12(b)(1) motion to dismiss asserts that the plaintiff lacks "a right to be in the district court at all." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of establishing the court's subject matter jurisdiction rests with the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant seeks to dismiss a complaint for the plaintiff's failure to exhaust administrative remedies, the motion to dismiss has historically been evaluated under the Rule 12(b)(1) standard. *See Kobraei v. Alexander*, 521 F.App'x 117, 118 (4th Cir. 2013); *Collins v. Washington Suburban Sanitary Comm'n*, No. TJS-17-1530, 2017 WL 5187738, at *1 (D.Md. Nov. 19, 2017) ("[m]otions to dismiss employment discrimination claims based on a failure to exhaust administrative remedies are typically construed as motions to dismiss for lack of subject matter jurisdiction"). Recently, however, the United States Supreme Court held that "charge-filing provisions 'speak to . . . a party's procedural obligations.' They require complainants to submit information to the EEOC and to wait a specified period before commencing a civil action." *Fort Bend Cty., Tx. v. Davis*, 139 S.Ct. 1843, 1851 (2019) (internal citations omitted). Accordingly, the Supreme Court found that the "charge-filing requirement is a

processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts" and failure to follow such requirement should be evaluated as a failure to state a claim. *Id.* Though the Supreme Court in *Davis* was addressing a Title VII Charge, plaintiffs must follow identical EEOC procedures when bringing a Charge of Discrimination under both Title VII and the ADA. Accordingly, the Court will evaluate all of Defendants' arguments—including those relating to administrative exhaustion—under a Rule 12(b)(6) standard.

## B. First Data's Motion to Dismiss

In its Motion to Dismiss, First Data seeks to dismiss Counts III and IV of Plaintiff's Complaint. The Court will address each Count in turn.

### 1. Plaintiff's FMLA Claim (Count III)

In Count III, Plaintiff alleges First Data retaliated against her for engaging in the protected act of filing for FMLA leave by putting her on an IAP and subsequently terminating her. ECF No. 1 at 11, ¶¶ 40–44. First Data argues that even if it did violate the FMLA, Plaintiff is barred from bringing this claim by the statute of limitations. ECF No. 31-1 at 5. The Court agrees with First Data.

An employee may bring "[a]n action to recover damages or equitable relief" from an employer that violates the FMLA. 29 U.S.C. § 2617(a)(2). The employee, however, must bring the action "not later than [two] years after the date of the last event constituting the alleged violation for which the action is brought." *Id.* at § 2617(c)(1). If the employer engaged in a willful violation of the FMLA, the statute of limitations is extended to three years after the date of the last event constituting the alleged violation. *Id.* at § 2617(c)(2). An employer acts willfully when it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the

statute." *Ervin v. Alliant Techsystems, Inc.*, No. RDB-09-3476, 2011 WL 4566112, at *5 (D.Md. Sept. 29, 2011) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

Plaintiff was terminated on September 14, 2015. Plaintiff filed this action, including her FMLA claim, on September 5, 2019. Assuming *arguendo* First Data willfully violated the FMLA by terminating Plaintiff, this action was still filed almost four years after her termination. Even if the three-year statute of limitations applied here, Plaintiff's filing was still well outside the time limit. Accordingly, this Court will GRANT First Data's Motion to Dismiss Plaintiff's FMLA claim as time barred.

### 2. *Plaintiff's ADA Retaliation Claim (Count IV)*

In Count IV, Plaintiff alleges First Data retaliated against her for having a disability by failing to accommodate her disability, fabricating performance issues, and ultimately terminating her in violation of the ADA. ECF No. 1 at 12–13, ¶¶ 45–52. First Data argues that Plaintiff's ADA retaliation claim must be dismissed because Plaintiff did not include retaliation on her EEOC Charge, and Plaintiff therefore did not exhaust her administrative remedies as to this claim. ECF No. 33-1 at 6–7. The Court agrees with First Data.

It is well settled that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [discrimination] lawsuit." *Tonkin v. Shadow Mgmt., Inc.*, 605 F.App'x 194, 194 (4th Cir. 2015) (per curiam) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 297, 300 (4th Cir. 2009)). When determining whether a plaintiff has exhausted a particular claim in their EEOC Charge, courts consider both which boxes the plaintiff checked on the form as well as the facts alleged in the narrative section. *See Loconte v. Montgomery Cty., Md.*, No. PWG-17-2052, 2018 WL 3642586, at *5 (D.Md. Aug. 1, 2018) (citing

as examples many District of Maryland cases in which the court considered both the boxes and the narrative of an EEOC Charge). In order for a claim to have been exhausted at the administrative level, the plaintiff must have either checked the box for that claim or have set forth sufficient facts supporting the elements of that claim. *See, e.g., Tonkin*, 605 F.App'x at 194 (finding that the plaintiff did not properly exhaust her administrative remedies for a retaliation claim when she neither checked the box for retaliation nor alleged "any facts involving retaliation"); *Malhotra v. KCI Techs., Inc.*, 240 F.App'x 588, 590 (4th Cir. 2007) (finding that the plaintiff's summary on her EEOC Charge "even liberally construed, does not raise claims of retaliation or harassment").

Here, it is facially apparent that Plaintiff did not check the box for retaliation on her EEOC Charge form. *See* ECF No. 31-2 at 1. In the narrative section of the Charge, Plaintiff wrote that she believed she "was discriminated against because of [her] disability in violation of the [ADA], with respect to failure to accommodate, discipline and discharge." *Id.* at 2. Nowhere in her Charge does Plaintiff allege—even indirectly—First Data retaliated against her for engaging in a protected activity under the ADA. Accordingly, the Court will GRANT First Data's Motion to Dismiss Plaintiff's ADA retaliation claim for failure to exhaust administrative remedies.

## C. Fiserv's Motion to Dismiss

In its Motion to Dismiss, Fiserv seeks to dismiss all Plaintiff's claims against it because Fiserv was not Plaintiff's employer, and therefore it cannot be liable for events that occurred during Plaintiff's course of employment. ECF No. 33-1 at 5–7. Alternatively, Fiserv argues that Plaintiff's ADA claims against it must be dismissed for failure to exhaust administrative remedies because it was not included in the EEOC Charge, *id.* at 7–9, and Plaintiff's FMLA claim against it must be dismissed as time-barred, *id.* at 9–10. The Court agrees that Fiserv was not Plaintiff's employer.

The ADA provides "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "covered entity" includes an employer. *Id.* at § 12111(2). The FMLA provides "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the Act. 29 U.S.C. § 2615(a)(2). To determine whether two entities are an integrated employer, courts consider "(1) whether the entities share management; (2) whether their operations are interrelated; (3) whether there is '[c]entralized control of labor relations'; and (4) the '[d]egree of common ownership/financial control.'" *Wonasue v. Univ. of Md. Alumni Ass'n*, 984 F.Supp.2d 480, 496 (D.Md. 2013) (quoting 29 U.S.C. § 825.104(c)(2)).

Nowhere in Plaintiff's Complaint does she allege Fiserv was her employer or was integrated with First Data at the time of her termination. The only mention of Fiserv in Plaintiff's Complaint is when Plaintiff states in a conclusory fashion "Defendant, First Data, has been integrated with Defendant [Fiserv] since July 29, 2019, including but not limited to Fiserv's control over First Data's employment relations and therefore it is an integrated employer of the Plaintiff." ECF No. 1 at 3, ¶ 8. Plaintiff does not allege any facts to support the argument that Fiserv is an integrated employer due to its July 29, 2019 merger with First Data. Plaintiff merely set forth "labels and conclusions" that Fiserv controlled First Data's employment operations after the merger. *See Iqbal*, 556 U.S. at 678; *see also Jarallah v. Thompson*, 123 F.Supp.3d 719, 730 (D.Md. 2015) (finding that Plaintiff had not alleged any facts supporting his conclusory claim that his employer and the locations at which he worked were integrated employers, and therefore his claims against these locations must be dismissed). Such a conclusory statement is not sufficient to support

a claim against Fiserv. Furthermore, even if Plaintiff had alleged facts supporting the argument that Fiserv and First Data were integrated employers, Plaintiff cannot possibly support the assertion that Fiserv was involved in her termination, or any other discrimination against her, almost four years before Fiserv became affiliated with First Data. Accordingly, because Plaintiff does not allege any facts supporting any wrongdoing on Fiserv's part nor does she allege any facts supporting employer integration, the Court GRANTS Fiserv's Motion to Dismiss all claims against it.

**D. Defendants' Motions to Strike**

Both Defendants filed Motions to Strike exhibits Plaintiff attached to her Responses in Opposition (ECF Nos. 42, 44). Defendants argue the Court cannot consider these exhibits because they are inadmissible at the Motion to Dismiss stage of litigation. ECF No. 42-1 at 2–3; ECF No. 44 at 1–2. A court may only consider documents attached to a motion to dismiss (or the response thereto) so long as the documents are "integral to the complaint and authentic." *Goines*, 822 F.3d at 164 (quoting *Trimble Navigation Ltd.*, 484 F.3d at 705. The Court agrees with Defendants that the exhibits attached to Plaintiff's Responses (ECF Nos. 39, 40) are neither integral to the Complaint nor properly authenticated.

Assuming *arguendo* the Court could accept these documents, however, even the broadest, most favorable reading of these exhibits do not reasonably support Plaintiff's claims of discrimination, nor do they surmount the Court's reasons for dismissal of any of the relevant claims. Because Plaintiff's relevant exhibits are not admissible for the Court to consider in deciding these Motions to Dismiss, the Court will GRANT both First Data and Fiserv's Motions to Strike.

## Conclusion

In conclusion, for the reasons stated herein, First Data's Motion to Dismiss Counts III and IV (ECF No. 31) and Fiserv's Motion to Dismiss all Counts (ECF No. 33) are GRANTED. First Data's Motion to Strike (ECF No. 42) and Fiserv's Motion to Strike (ECF No. 44) are GRANTED. Defendant Fiserv is DISMISSED. A separate Order will follow.

Date: 4 February 2020

A. David Copperthite
United States Magistrate Judge