IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF MARYLAND

| | | |
|---|---|---|
| TERRI COWGILL | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civil Action No. |
| FIRST DATA TECHNOLOGIES, INC | ) ) | COMPLAINT AND JURY TRIAL DEMAND |
| SERVE: | ) | |
| RESIDENT AGENT CSC-LAWYERS INCORPORATING SERVICE COMPANY 7 ST. PAUL STREET, SUITE 820 BALTIMORE, MD | ) ) ) ) ) ) | |
| FISERV SOLUTIONS LLC | ) ) | |
| SERVE: | ) | |
| RESIDENT AGENT THE PRENTICE-HALL CORPORATION SYSTEM, MARYLAND 7 ST. PAUL STREET, SUITE 820 BALTIMORE, MD | ) ) ) ) ) ) | |
| Defendants | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments of 2008, ("ADA"), and pursuant to § 107 of the Family Medical Leave Act ("FMLA"), to correct unlawful employment practices

EXHIBIT A
to Deft's Motion for
Summary Judgment

on the basis of disability, and to provide appropriate relief to the Plaintiff, Terri Cowgill, who was adversely affected by such practices. As alleged with greater particularity below, the Plaintiff alleges that Defendant FIRST DATA TECHNOLOGIES, INC., ("Defendant" or "First Data") has committed disability discrimination in violation of the ADA and FMLA by discharging TERRI COWGILL because she was disabled, and Defendant did not want to accommodate her disability, and/or because of her usage of FMLA leave and other accommodations.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a; and pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) The Family Medical Leave Act ("FMLA"), as amended, 29 U.S.C § 2601, *et seq.*

2. Jurisdiction of the action is conferred on this Court by Section 16(b) of the Act (29 USC Section 216 (b)), and by the provisions of 28 USC Section 1337, relating to any civil liability or proceeding arising under any Act of Congress regulating Commerce. Jurisdiction is also conferred by 28 U.S.C. Section 1367.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

4. Venue is conferred on the United States District Court for the District of Maryland, Northern Division by 28 USC Section 1391 (b) and (c).

Case 1:19-cv-02565-ABC Document 52-3 Filed 09/05/19 Page 3 of 13

<u>PARTIES</u>

5.     Plaintiff is an adult resident of the State of Pennsylvania.  At all relevant times, Plaintiff was disabled as defined under the ADA.

6.     FIRST DATA TECHNOLOGIES, INC.is a Delaware corporation with its principal office located at 6200 S. Quebec Street, Suite 450, Greenwood Village, CO.

7.     FISERV SOLUTIONS, LLC is a Wisconsin corporation with its principal office located at 255 Fiserv Drive, Brookfield, Wisconsin.

8.     Upon information and belief, Defendant, First Data, has been integrated with Defendant Fiserv Solutions LLC, ("Fiserv") since July 29, 2019, including but not limited to, Fiserv's control over FIRST DATA's employment relations and therefore it is an integrated employer of the Plaintiff. Alternatively, upon information and belief, First Data is a subsidiary of Fiserv and Fiserv controls FIRST DATA, including the control over FIRST DATA's employees. Therefore, Fiserv was Plaintiff's employer for the purpose of this action (hereinafter collectively, "First Data").

9.     At all relevant times, First Data has continuously been doing business in the State of Maryland and the County of Washington, and have continuously had at least fifty (50) employees.

10.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(b) and (h).

11.     At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.     More than thirty days prior to the institution of this lawsuit, Terri Cowgill filed a charge of discrimination with the Equal Employment Opportunity Commission ("Commission") alleging violations of the ADA and FMLA by Defendant **FIRST DATA**.

13.     The Commission made a determination of no reasonable cause on June 6, 2019, and issued a Notice of Right to Sue letter (attached hereto as **Exhibit 1)**.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## **FACTS**

14.     From July 5, 2004 to September 14, 2015, Ms. Cowgill was employed with FIRST DATA in the position of Summer Contract Center Service Representative.

15.     On or about January 5, 2015, Ms. Cowgill was injured in a car accident. During this accident she sustained injuries which caused her to develop severe back and neck pain, as well as frequent serious headaches. As a result of her injuries Ms. Cowgill was unable to sit or walk for extended periods, frequently experienced extreme pain when attempting to perform daily tasks, and had to rest for extended periods. Ms. Cowgill's quality of life and ability to function were dramatically impacted by her injuries. Her injuries affected numerous major life function and therefore she was disabled as defined under ADA.

16.     In spite of her injuries, Ms. Cowgill was able to perform the essential functions of her job with reasonable accommodations which would not have been a burden to First Data.

17.     First Data was engaged in a process of large-scale employee terminations during the time period Ms. Cowgill was injured, and had begun requiring mandatory overtime of its employees.

18.     Because of her condition, Ms. Cowgill applied for intermittent FMLA and was approved on January 26, 2015 for the period of January 15, 2015 through February 20, 2015.

19.     Ms. Cowgill's request for an amended schedule of four (4) hours per day three to five (3-5) days per week was not accommodated, and she continued to attempt to work a normal schedule including company required mandatory overtime.

20.     On February 11, 2015, Ms. Cowgill was issued a Final Written Warning for violating the company's attendance policy, despite being notified that her FMLA leave had been approved. While this warning was dropped after Ms. Cowgill contacted the Human Resources office, Ms. Cowgill was advised her job could be in jeopardy if she did not work the required mandatory overtime hours.

21.     On August 4, 2015 Ms. Cowgill received notice that her FMLA recertification plan was mailed. She was notified in the same conversation that she was being put on an Improvement Action Plan for dropping a call on July 10, 2015. This notification was extremely unusual considering the company's standard practice of reviewing questionable calls within two days, and this review taking place almost a month after the call was conducted. Ms. Cowgill was placed on this improvement plan despite following all company policies and procedures for dropping a call. This was the first disciplinary action taken against Ms. Cowgill during her entire tenure with First Data.

22.     As part of the Improvement Action Plan, Ms. Cowgill was to receive weekly counseling with regard to her call handling skills, which she never received. Even after Ms.

Cowgill inquired about the prescribed coaching, the sessions were never conducted. Additionally, Ms. Cowgill was not allowed to dispute her negative scoring, which was entirely atypical and not consistent with First Data's policy.

23.     Ms. Cowgill routinely received above average performance reviews during her tenure, and the 2014 year end performance review shows she met or exceeded her expectations for that year. Ms. Cowgill's Midyear performance review in 2015 again showed she met or exceeded all expectations for the period of January 1, 2015 to April 30, 2015. Prior to her becoming disabled, Ms. Cowgill was never disciplined, nor placed on an Improvement Action Plan, and was performing her duties to First Data's legitimate expectations.

24.     Ms. Cowgill was reapproved for intermittent FMLA on August 20, 2015.

25.     On September 9, 2015 Ms. Cowgill received a low rating from a caller in a post-call survey. The employer monitored the recorded call and did not hear the caller speaking at all. After about 30 seconds of the caller not responding the call was disconnected and transferred to a post call survey where the caller complained no one responded to his call. Ms. Cowgill had picked up the call and stated her required introduction, she waited a further thirty seconds and then initiated a disconnection. First Data's policy allows for a call to be disconnected after no response is received to an employee's introduction. After the disconnection was initiated, Ms. Cowgill heard a man say "Hello?" and attempted to reconnect the call, but at this point the call was irretrievable. Ms. Cowgill was aware she was on an Improvement Action Plan and had no reason to prematurely disconnect a call. Review of the recording did not show any audio from the caller and did not show Ms. Cowgill violating any First Data policy. Additionally, First Data did not determine if the silence was due to a mechanical issue with either Ms. Cowgill's or the caller's phone.

26.     Nevertheless, Ms. Cowgill's employment with the Defendant was terminated for this incident on September 14, 2015 for the stated reason of call avoidance related to the incident on September 9, 2015, First Data did not typically terminate long-term employees with very good performance records for incidents such as this.

27.     Ms. Cowgill believes that the basis for her termination was merely a pretext and that First Data terminated her because of her disability in that the injury to her back substantially limited her from major life activities, e.g. sitting for long periods of time, lifting or working that were essential functions of her positions, and/or it did not want to provide the reasonable accommodations she needed to perform the essential functions of her job.

### COUNT I
### (Violation of the ADA)

28.     Plaintiff hereby adopts and incorporates paragraphs 1-27 above.

29.     On or about September 14, 2015, Defendant engaged in unlawful employment practices at its facility in its Hagerstown, Maryland in violation of Sections 102(a), (b)(1) & (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) & (b)(4) when it discharged Terri Cowgill because it regarded her as having a disability.

30.     The effect of the practices complained of in paragraph 1-27, above, has been to deprive Terri Cowgill of equal employment opportunities and otherwise adversely affect her status as an employee because of disability.

31.     The unlawful employment practices complained of in paragraph 1-27 above, were intentional.

32.     The unlawful employment practices complained of in paragraph 1-27 above, were done with malice or with reckless indifference to the federally protected rights of Ms. Cowgill.

33.     The unlawful employment practices complained of in paragraphs 1-27 above, were willful within the meaning of Section 7(b) of the ADA, 29 U.S.C. §626(b).

### PRAYER FOR RELIEF

Wherefore, the Plaintiff, Terri Cowgill, respectfully requests that this Court:

A.     Declare that the actions of Defendant described above were discriminatory in violation of the ADA of 1990.

B.     Grant a permanent injunction enjoining Defendant their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability and age discrimination, including discharge, and any other employment practice which discriminates on the basis of disability.

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to maintaining a policy that prohibits disability and age discrimination and conducting employee training regarding such policy.

D.     Order Defendant to pay Terri Cowgill appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E.     Order Defendant to make whole Terri Cowgill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 28-33, above, in amounts to be determined at trial.

F.      Order Defendant to make whole Terri Cowgill by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11-29 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

G.      Order Defendant to pay Ms. Cowgill punitive damages for the malicious and reckless conduct described in paragraphs 28-33 above, in amounts to be determined at trial.

H.      Grant such further relief as the court deems necessary and proper in the public interest.

### COUNT II
### (Violation of the ADA)

34.     Plaintiff hereby adopts and incorporates paragraphs 1-33 above.

35.     On or about September 14, 2015, Defendant discharged Ms. Cowgill because it refused to make a reasonable accommodation to a known physical disability of an otherwise qualified individual with a disability.

36.     By discharging Ms. Cowgill, Defendant engaged in unlawful employment practices at its facility in Hagerstown, Maryland in violation of Sections 102(a), (b)(1) & (b)(4) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5).

37.     The effect of the practices complained of in paragraphs 1-27 above, has been to deprive Ms. Cowgill of equal employment opportunities and otherwise adversely affect her status as an employee because of disability.

38.     The unlawful employment practices complained of in paragraph 1-27 above, were intentional.

39.     The unlawful employment practices complained of in paragraph 1-27 above, were done with malice or with reckless indifference to the federally protected rights of Ms. Cowgill.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff, Terri Cowgill, respectfully requests that this Court:

A.      Declare that the actions of Defendant described above were discriminatory in violation of the ADA of 1990.

B.      Grant a permanent injunction enjoining Defendant their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability and age discrimination, including discharge, and any other employment practice which discriminates on the basis of disability.

C.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to maintaining a policy that prohibits disability and age discrimination and conducting employee training regarding such policy.

D.      Order Defendant to pay Terri Cowgill appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E.      Order Defendant to make whole Terri Cowgill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 28-33, above, in amounts to be determined at trial.

F.      Order Defendant to make whole Terri Cowgill by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in

paragraphs 1-27 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

G.      Order Defendant to pay Ms. Cowgill punitive damages for the malicious and reckless conduct described in paragraphs 34-39 above, in amounts to be determined at trial.

H.      Grant such further relief as the court deems necessary and proper in the public interest.

## COUNT III
### (Violation of the FMLA)

40.    Plaintiff hereby adopts and incorporates paragraphs 1-39 above.

41.    The Defendant is an "employer" covered by the FMLA, as they employ fifty (50) or more employees for each work day during each of during each of twenty (20) or more calendar weeks.

42.    Plaintiff was an eligible "employee" under the FMLA as she has been employed by the Defendant, and has been working under the supervision and control of the defendant for more than twelve (12) consecutive months, and during this time period has worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave in January 2015.

43.    When the Plaintiff gave the Defendant notice of her need for FMLA leave, these actions constitute protected action under the FMLA.

44.    As a direct result of the plaintiff taking protected action by requesting FMLA leave, the Defendant retaliated against her by first placing her on Improvement Action Plan and by subsequently terminating Plaintiff's employment after over fifteen years of loyal service.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff, Terri Cowgill, respectfully requests that this Court:

A.    Declare that the actions of Defendant described above were in violation of the FMLA.

B.    Grant a permanent injunction enjoining Defendant their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in violations of the FMLA.

C.    Order Defendant to make whole Terri Cowgill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 40-45, above in amounts to be determined at trial.

D.    Order Defendant to make whole Terri Cowgill by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 40-45 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

E.    Order Defendant to pay Ms. Cowgill punitive damages for the malicious and reckless conduct described in paragraphs 40-45 above. in amounts to be determined at trial.

F.    Grant such further relief as the court deems necessary and proper in the public interest.

**COUNT IV**
**(Retaliation Under ADA)**

45.    Plaintiff adopts and incorporates by reference paragraphs 1-44 above.

46.    ADA, 29 U.S.C. §626(b), and regulations promulgated thereunder prohibit retaliation against an employee for having a disability and for requesting accommodations for that disability.

47.     As indicated above on January 26, 2019 Plaintiff requested reasonable accommodations for her disability, and was never granted these accommodations in practice.

48.     By requesting reasonable accommodations for her disability, Plaintiff has engaged in activities protected by ADA, 29 U.S.C. §626(b).

49.     The Defendant was aware of all of the Plaintiff's protected activities at or about the times she engaged in them.

50.     As described above the Defendant became of Plaintiff's need for accommodations on January 26, 2019.

51.     Subsequently the Defendant retaliated against the Plaintiff, by denying her requested accommodations, fabricating performance issues, and ultimately terminating the Plaintiff because she was disabled and the Defendant did not wish to provide the requisite accommodations.

52.     As a result of the Defendant's retaliation against her, Plaintiff has suffered and is suffering considerable injury, including emotional distress, loss of present and future earnings, and other financial damages such as loss of leave, denial of wage increase, and loss of benefits.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination, including discharge, and any other employment practice which discriminates on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons and which eradicate the effects of their past and present unlawful employment practices, including but not limited to maintaining a policy that prohibits disability discrimination and conducting employee training regarding such policy.

C.     Order Defendant to pay Terri Cowgill appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D.     Order Defendant to make whole Terri Cowgill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 45-52, above, in amounts to be determined at trial.

E.     Order Defendant to make whole Terri Cowgill by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 46-53 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.     Order Defendant to pay Terri Cowgill punitive damages for the malicious and reckless conduct described in paragraphs 45-52 above, in amounts to be determined at trial.

G.     Grant such further relief as the court deems necessary and proper in the public interest.

H.     Award the Plaintiff attorney's fees and the costs of this action.

## JURY TRIAL DEMAND

Plaintiff, Terri Cowgill, requests a jury trial on all questions of fact raised by her

complaint.

Respectfully submitted,

/s/

David C. Weaver
CPF# 9512140270
Weaver & Fitzpatrick, P.A.
131 West Patrick Street
Frederick, Maryland 21701
301-694-4949
Attorney for the Plaintiff

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Terri Cowgill | First Data Technologies, Inc.<br>Fiserv Solutions, LLC |
| **(b)** County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>David Weaver, Weaver & Fitzpatrick<br>131 West Patrick Street, Frederick, MD 21701   301-694-4949 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
           Plaintiff

☒ 3   Federal Question
           *(U.S. Government Not a Party)*

☐ 2   U.S. Government
           Defendant

☐ 4   Diversity
           *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☒ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Matters<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☒ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
         Proceeding

☐ 2  Removed from
         State Court

☐ 3  Remanded from
         Appellate Court

☐ 4  Reinstated or
         Reopened

☐ 5  Transferred from
         Another District
         *(specify)*

☐ 6  Multidistrict
         Litigation -
         Transfer

☐ 8  Multidistrict
         Litigation -
         Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
§107 of FMLA and ADA   42 - 1a117
Brief description of cause:
Disability Discrimination in violation of ADA and FMLA

| VII. REQUESTED IN<br>COMPLAINT: | ☐   CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   ☑ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):* | JUDGE | | DOCKET NUMBER | |
|---|---|---|---|---|---|

DATE
9/5/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                        APPLYING IFP                      JUDGE                       MAG. JUDGE

JS 44 Reverse (Rev. 08/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

| | |
|---|---|
| Terri Cowgill | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )    Civil Action No. |
| | ) |
| First Data Technologies, Inc. | ) |
| and | ) |
| Fiserv Solutions, LLC. | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

         First Data Technologies, Inc.
         Serve: CSC - Lawyers Incorporating Service Company
         7 St. Paul Street, Suite 820
         Baltimore, MD 21202

       A lawsuit has been filed against you.

       Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Terri Cowgill
                                      Attorney: David Weaver
                                      Weaver & Fitzpatrick, P.A.
                                      131 West Patrick Street
                                      Frederick, MD 21701

       If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____             _____
                                                       _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### District of Maryland

| | | |
|---|---|---|
| Terri Cowgill | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| First Data Technologies, Inc. | ) | |
| and | ) | |
| Fiserv Solutions, LLC. | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
        Fiserv Solutions, LLC
        Serve: The Prentice-Hall Corporation System, Maryland
        7 St. Paul Street, Suite 820
        Baltimore, MD 21202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
        Terri Cowgill
        Attorney: David Weaver
        Weaver & Fitzpatrick, P.A.
        131 West Patrick Street
        Frederick, MD 21701

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

    ❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❐ I returned the summons unexecuted because _____ ; or

    ❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.


Date: _____           _____
                                            *Server's signature*

                                 _____
                                            *Printed name and title*


                                 _____
                                            *Server's address*

Additional information regarding attempted service, etc:

# ATTACHMENT
# 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Baltimore Field Office**

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Baltimore Direct Dial: (410) 209-2247
TTY (410) 962-6065
FAX (410) 209-2221
FAX (410) 962-4270
http://www.eeoc.gov

JUN - 5 2019

Terri Cowgill
121 E. North Street
Waynesboro, Pennsylvania 17268

Re:     EEOC Charge No.: 846-2016-24046
Cowgill v. First Data

Dear Ms. Cowgill:

After careful review of the information obtained from you and Respondent, EEOC is unable to conclude that the information obtained establishes a violation of the statute(s) as you have alleged.

You allege that you were discriminated against because of your disability after you were denied reasonable accommodations, disciplined and discharged in violation of the ADA.

Respondent contends that it accommodated your request for a reduced schedule based on your disability. Respondent further admits that you were mistakenly issued a final written warning for attendance, however, the warning was rescinded as several of your absences were related to your Family and Medical Leave. Additionally, Respondent asserts that it repeatedly renewed your intermittent leave at the frequency of 1-2 days per month through February 20, 2016.

Lastly, Respondent contends that you were disciplined and later discharged based on two instances in which you violated its Call Avoidance Policy.

Upon reviewing the evidence provided by both you and the Respondent, it cannot be concluded that you were discriminated against based on your disability. Evidence provided during the investigation shows that you were reasonably accommodated when Respondent approved your requests for a reduced work schedule.

Regarding the written disciplinary actions, Respondent contends that the final written warning which was issued due to your attendance was removed from your record after it was discovered that the absences were related to your disability. Furthermore, evidence provided by the Respondent shows that nondisabled Representatives were discharged for the similar offense of call avoidance.

Based on the analysis of evidence provided during the investigation, it can not be concluded that you were denied reasonable accommodations, disciplined and discharged because of your disability. Therefore, you are being issued a Dismissal and Notice of Rights which affords you the opportunity to take this matter into Federal Court. You have the right to file a lawsuit against the employer within 90 days from the date you receive the Dismissal and Notice of Rights. If you fail to file a lawsuit within the appropriate time frame, you will lose right to pursue this matter in court.

Should you wish to obtain a copy of the administrative file for this charge, please write to the following address to make such a request. You must do so within the above referenced 90-day period, which can be extended if you do file a lawsuit in court concerning this matter. Please be advised that there may be a fee if you make such a request for file disclosure. Furthermore, please note that failure to receive requested documents in a timely manner does not extend the time-period for filing a lawsuit.

Should you have any questions, I can be reached at (410) 209-2228 or via email at: Janel.griffin@eeoc.gov

We regret that we could not be of further service to you in this matter.

Sincerely,

Janel Griffin
Investigator

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | | |
|---|---|---|
| To: Terri A. Cowgill<br>121 E. North Street<br>Waynesboro, PA 17268 | From: | Baltimore Field Office<br>G.H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201 |

|   | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2016-24046 | Janel S. Griffin,<br>Investigator | (410) 209-2228 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_Janel Griffin_          For          JUN - 5 2019

Rosemarie Rhodes,                              (Date Mailed)
Director

Enclosures(s)

cc: Cody E. Brookhouser-Sisney, Esq.
MCGRATH NORTH MULLIN & KRATZ, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this **Notice**. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before **you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ The limitations from the impairment **no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ Only one major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Case 1:19-cv-02565-ADC Document 1-4 Filed 09/05/19 Page 28 of 28

# IMPORTANT NOTICE

## REGARDING YOUR PRIVATE SUIT RIGHTS

Should you wish to obtain a copy of the administrative file for this charge, please write to the following address to make such a request. You must do so within the above referenced 90-day period, which can be extended if you do file a lawsuit in court concerning this matter. Please be advised that there may be a fee if you make such a request for file disclosure. Furthermore, please note that failure to received requested documents in a timely manner does not extend the time-period for filing a lawsuit.

File Disclosure Unit
EEOC-Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107

or

email: philfoia@eeoc.gov