# EXHIBIT 10

*UNEMPLOYMENT INSURANCE APPEALS DECISION* #28

TERRI A COWGILL
121 E NORTH ST
WAYNESBORO, PA 17268-1354

SSN # 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
**Claimant**

vs.

FIRST DATA TECHNOLOGIES INC
6200 S QUEBEC ST STE 450
GREENWOOD VILLAGE, CO 80111-4733

**Employer/Agency**

Before the:
**Maryland Department of Labor,
Licensing and Regulation
Division of Appeals**
1100 North Eutaw Street
Room 511
Baltimore, MD 21201
(410) 767-2421

Appeal Number: 1520642
Appellant: Employer
Local Office : 63 / CUMBERLAND
CLAIM CENTER

November 24, 2015

**For the Claimant:** PRESENT

**For the Employer:** PRESENT, WAYNE STANDER, DAWN ROWE

**For the Agency:**

## ISSUE(S)

Whether the claimant's separation from this employment was for a disqualifying reason within the meaning of the MD Code Annotated Labor and Employment Article, Title 8, Sections 8-1001 (voluntary quit for good cause), 8-1002 - 1002.1 (gross/aggravated misconduct connected with the work) or 8-1003 (misconduct connected with the work).

## FINDINGS OF FACT

The claimant, Terri Cowgill, began working for this employer, First Data Technologies, Inc., on July 5, 2004. At the time of her termination on September 14, 2015, she was employed full-time as a senior call center representative. The claimant was terminated because the employer believed she had inappropriately disconnected a call with a client.

On July 28, 2015, the employer had placed the claimant on an Improvement Action Plan (IAP) because on July 10, 2015, the claimant had argued with a client and disconnected the call prematurely. (Employer's Exhibit No. 1) Pursuant to the employer's policy, a call center representative is only allowed to disconnect a call early if a client is verbally abusive and a team manager is alerted to the situation. The IAP was slated

to last for 90 days. This was the first discipline the claimant had received during her tenure with the employer.

On September 9, 2015, the claimant received a rating of "1" from a caller in a post-call survey. The employer then monitored the call, which was recorded, and did not hear the claimant speaking at all. Instead, after about 30 seconds, the call was disconnected, which automatically transferred the call to the post-call survey where the caller complained that no one had responded to his call.

The claimant had picked up the call but no one was on the line. She could hear a man speaking in the background and she stated her required introduction but got no response. She waited and when there was still no response, she disconnected the call at about the 30 second mark. Under the employer's policy, it is acceptable to disconnect a call when no one responds after the call center representative gives the introduction. After the claimant had initiated the disconnection, she heard a man say, "Hello?" but at that point she could not retrieve the call.

The claimant and her supervisor listened to the recording of the call and did not hear the claimant give the introduction. However, the claimant had given the introduction and followed appropriate procedures during the call. Despite this, the employer believed she had prematurely disconnected the call and, as this was a violation of her IAP, opted to terminate her employment.

## CONCLUSIONS OF LAW

Md. Code Ann., Labor & Emp. Article, Section 8-1003 provides for a disqualification from benefits where the claimant is discharged or suspended as a disciplinary measure for misconduct connected with the work. The term "misconduct" is undefined in the statute but has been defined as "...a transgression of some established rule or policy of the employer, the commission of a forbidden act, a dereliction of duty, or a course of wrongful conduct committed by an employee, within the scope of his employment relationship, during hours of employment, or on the employer's premises." Rogers v. Radio Shack, 271 Md. 126, 132 (1974).

Md. Code Ann., Labor & Emp. Article, Section 8-1002 provides that an individual shall be disqualified from receiving benefits where he or she is discharged or suspended from employment because of behavior which demonstrates gross misconduct. The statute defines gross misconduct as conduct that is a deliberate and willful disregard of standards that an employer has a right to expect and that shows a gross indifference to the employer's interests, Employment Sec. Bd. v. LeCates, 218 Md. 202, 145 A.2d 840 (1958); Painter v. Department of Emp. & Training, et al., 68 Md. App. 356, 511 A.2d 585 (1986); Department of Economic and Employment Dev. v. Hager, 96 Md. App. 362, 625 A.2d 342 (1993).

Md. Code, Ann., Labor & Emp. Article, Section 8-1002 provides that an individual shall be disqualified from receiving benefits when he or she was discharged or suspended from employment because of behavior that demonstrates gross misconduct. The statute defines gross misconduct as repeated violations of employment rules that prove a regular and wanton disregard of the employee's obligations.



## EVALUATION OF EVIDENCE

The Hearing Examiner considered all of the testimony and evidence of record in reaching this decision. Where the evidence was in conflict, the Hearing Examiner decided the facts on the credible evidence as determined by the Hearing Examiner.

The employer had the burden to show, by a preponderance of the credible evidence, that the claimant was discharged for some degree of misconduct connected with the work within the meaning of the Maryland Unemployment Insurance Law. Ivey v. Catterton Printing Company, 441-BH-89. In the case at bar, that burden has not been met.

The employer asserted that the claimant prematurely disconnected a call on September 9, 2015 when she failed to say anything after picking up a call, which was a violation of the IAP on which she had been placed at the end of July 2015. The claimant offered credible and persuasive testimony that she picked up the call, heard the caller speaking to someone in the background, gave her standard introduction but got no response. According to the claimant, only after waiting a length of time without getting any response did she disconnect the call.

The claimant admitted that when she and her supervisor listened to the call she could not be heard giving the introduction. However, she was adamant that she had done so. The evidence shows the call lasted at least 30 seconds, which supports her claim that she was attempting to take and handle the call. There would be no reason for the claimant, who was already on an IAP and was aware her job was in jeopardy, to simply disconnect a call after waiting that length of time for no discernible reason. Further, the claimant testified without contradiction that the imposition of the IAP was the first form of discipline she had received during her 11 year tenure with the employer. The claimant posited that there could have been something mechanically wrong with either the caller's phone or hers that led to this situation. There is simply not enough evidence to support a finding that the claimant simply chose not to take this particular call and therefore prematurely disconnected the call in an effort to end the matter.

Accordingly, I find that the employer's evidence fails to establish that the claimant's discharge in this case was due to any degree of misconduct. I therefore hold the employer has failed to meet its burden and no disqualification is warranted.

## DECISION

IT IS HELD THAT the claimant was discharged, but not for misconduct connected with the work within the meaning of Md. Code Ann., Labor & Emp. Article, Section 8-1003. No disqualification is imposed based upon the claimant's separation from employment with the above-identified employer. The claimant is eligible for benefits so long as all other eligibility requirements are met. The claimant may contact Claimant Information Service concerning the other eligibility requirements of the law at ui@dllr.state.md.us or call 410-949-0022 from the Baltimore region, or 1-800-827-4839 from outside the Baltimore area. Deaf claimants with TTY may contact Client Information Service at 410-767-2727, or outside the Baltimore area at 1-800-827-4400.

The determination of the Claims Specialist is affirmed.

*S H Anderson*

S H  Anderson, Esq.
Hearing Examiner

### Notice of Right to Request Waiver of Overpayment

The Department of Labor, Licensing and Regulation may seek recovery of any overpayment received by the Claimant.  Pursuant to Section 8-809 of the Labor and Employment Article of the Annotated Code of Maryland, and Code of Maryland Regulations 09.32.07.01 through 09.32.07.09, the Claimant has a right to request a waiver of recovery of this overpayment. This request may be made by contacting Overpayment Recoveries Unit at 410-767-2404.  If this request is made, the Claimant is entitled to a hearing on this issue.

**A request for waiver of recovery of overpayment does not act as an appeal of this decision.**

**Esto es un documento legal importante que decide si usted recibirá los beneficios del seguro del desempleo. Si usted disiente de lo que fue decidido, usted tiene un tiempo limitado a apelar esta decisión. Si usted no entiende cómo apelar, usted puede contactar (301) 313-8000 para una explicación.**

### Notice of Right to Petition for Review

This is a final decision of the Lower Appeals Division. Any party who disagrees with this decision may request a review either in person, by facsimile or by mail with the Board of Appeals.   Under COMAR 09.32.06.01A (1) appeals may not be filed by e-mail.  Your appeal must be filed by December 09, 2015.   You may file your request for further appeal in person at or by mail to the following address:

Board of Appeals
1100 North Eutaw Street
Room 515
Baltimore, Maryland 21201
Fax 410-767-2787
Phone 410-767-2781