# EXHIBIT 13



Cody E. Brookhouser-Sisney
P: 402.633.6091 | F: 402.952.6891
cbrookhouser-sisney@mcgrathnorth.com

April 1, 2019

Rosemarie Rhodes
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
G.H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201

Re: *Terri Cougill v. First Data Technologies, Inc.*
EEOC Charge No. 846-2016-24046

Dear Ms. Rhodes:

As you are aware, this Firm represents Respondent, First Data Technologies, Inc. in the above-referenced matter. Per my discussion with EEOC Investigator, Janel Griffin, on Friday, March 29, 2019, I write to respectfully request that the Commission reconsider its reasonable cause determination issued in this matter on March 21, 2019. This request is in accordance with 29 C.F.R. § 1601.21.

It is my understanding that the determination was issued as Counsel for Respondent inadvertently failed to provide additional information to Ms. Griffin regarding comparator employees who were also discharged for call avoidance. The determination states that, "Based on Respondent's failure to produce the requested response, I have inferred that examination of Respondent's evidence would not refute the Charging Party's allegations. Therefore, I have determined that the evidence provided by the Charging Party establishes reasonable cause to believe that Respondent violated the ADA after it discharged the Charging Party." (Determination, p. 2).

Although it is Respondent's position that the evidence adduced during the investigation is insufficient to establish a prima facie case of discrimination under the ADA,[1] Respondent submits that further evidence demonstrates that other employees outside of Complainant's protected class[2] were also discharged for call avoidance. Attached as Exhibit L are termination records regarding Employee ID No. 273491. Attached as Exhibit M are termination records regarding Employee ID No. 293970. Both employees were also terminated for call avoidance.

This evidence unequivocally demonstrates that Charging Party was terminated for call avoidance and would have been terminated even in the absence of her alleged disability. Accordingly, she cannot establish the requisite but-for causation to maintain an ADA

---

[1] On this point, the determination specifically finds that Charging Party's requests for FMLA leave and reduced work schedule were granted as reasonable accommodations, and there are no other findings of discrimination.

[2] Although Respondent does not track employees' disability status, there is no record of either of the comparator employees requesting an ADA leave or accommodation.

April 1, 2019
Page 3

discrimination claim. *See Anderson v. Consolidation Coal Co.*, 636 Fed. App'x 175, 180 (4th Cir. 2016). Respondent submits that a no reasonable cause determination should be issued and Charging Party's charge should be dismissed.

Finally, Counsel for Respondent acknowledges that this evidence was not previously furnished to Ms. Griffin. Ms. Griffin sent email correspondence to me on February 4, 2019, checking on the status of this matter. I have reviewed my e-mail inbox, and I have no record of this communication. It is my presumption that I unfortunately missed this email correspondence from Ms. Griffin, and my auto-delete function deleted this email after my firm's prescribed time period. Beginning on Monday, January 28, 2019, I was in and out of my office in Omaha, Nebraska as I was traveling back and forth to Central Wisconsin where my father-in-law was on life support. I was traveling back and forth until my father-in-law passed away at the end of February. During this family emergency, I presumably inadvertently missed Ms. Griffin's February 4, 2019 email correspondence and admittedly did not respond.

In light of these circumstances, Respondent respectfully requests that the Commission reconsider its determination issued on March 21, 2019. Respondent submits that the additional evidence submitted with this letter responds to Ms. Griffin's request for additional information and demonstrates that other employees outside of Charging Party's protected class were also terminated for call avoidance. Respondent therefore respectfully submits that Charging Party's charge should be dismissed and a no reasonable cause determination should be issued.

Please do not hesitate to reach out to me if I can provide you with any further information.

Sincerely,

Cody Elyse Brookhouser-Sisney

Enclosures

cc: Janel Griffin (w/encs.)
    Sheila Lafferty (w/encs.)

# First Data.

## Approval Request for Termination

**Employee First Name:** ▓▓▓▓   **Employee Last Name:** ▓▓▓▓

**Employee ID#:** 273491   **Department:** POS North Terminal Support

**Employee Title:** Associate Contact Center Tech Specialist   **Location:** Hagerstown

**Hire Date:** 5/31/2016   **Proposed Term Date:** 1/23/2018

**Termination Action Type:** I-Unsatisfactory Perf/Attendance   **Manager/Supervisor** Steven Vega

**Eligible for Rehire:** No   **Date Requested:** 1/23/2018

### Reasons for Proposed Termination:

On 1/14/2018, ▓▓▓ left a Merchant on a call and left her desk for 10 minutes. When asked, ▓▓▓ admitted it was true, but failed to take responsibility; On 1/12/2018, ▓▓▓ was seen using her phone on the production floor. When asked, ▓▓▓ admitted it, but failed to take responsibility for it. Since late last year, ▓▓▓ has not been to work on time. While she has been within the 7-minute restriction—for the most part, she has not been on time. When asked about it, ▓▓▓ failed to assume responsibility for her time, offering a variety of excuses for her lack of promptness. ▓▓▓ was on a final that was in place since last August.

### Steps taken to Resolve:

▓▓▓ was put on a 2nd Level PIP, and subsequently a Final PIP. ▓▓▓ was given the phone number to employee Assistance to help deal with her personal issues. ▓▓▓ schedule was changed so she would have three days off to deal with her personal life. ▓▓▓ seat had been moved so that she'd have two Team Leads available to her to help guide her.

**Person Submitting Request:** Steven Vego

**Reviewed with:**   ☐ Ops Manager: _____
                     ☐ Annette


EXHIBIT L

© 2016 First Data Corporation. All Rights Reserved. All trademarks, service marks and trade names referenced in this material are the property of their respective owners.

# First Data.

## Note to File (NTF)

**Employee First Name:** ▇
**Employee ID#:** 273491
**Employee Title:** CCO Tech Support Associate
**Performance Gap:** Policy Violation

**Employee Last Name:** ▇
**Department:** POS North
**Location:** Hagerstown
**Manager/Supervisor:** Steven Vega
**Date NTF Administered:** 8/14/2017

### Introductory Statement

▇ First Data expects all employees to demonstrate the highest degree of integrity, responsibility and professionalism at all times. Employee conduct must not interfere with daily operations and to conduct business at all times in a constructive and professional manner. In order to service our clients, call avoidance is a type of action that affects our product in a negative fashion and jeopardizes the relationship between customers and clients.

Call avoidance consists of but is not limited to the following:
- Not answering the call
- Placing or receiving personal calls
- Releasing calls prematurely
- Sleeping at the workstation (could possibly miss a call)
- Placing your phone line on hold, in "after call" or AUX unnecessarily
- Remaining on the line when transferring calls unnecessarily
- Partially signing on/off the system
- Accessing Internet without a legitimate business reason

### Detail of Issue

**Concern/Business Impact:** On 8/13/2017, at 3:55 PM, ▇ accessed a nonapproved, inappropriate website, in violation of First Data policy and procedure.

**Expectation/SMART Goal:** ▇ you are expected to handle all of your calls in a professional and non-confrontational manner. It is expected that you will not:

- View any movies, stream video, or view any inappropriate sites as stated in the FD End User Policy in your Employee Handbook.
- Access your personal email accounts while at work.
- Access any social networking sites, blogs, or transmit any information via the internet unless it is through First Data email.

It is expected that you will adhere to the established guidelines set up by CCO. Any further policy violations will escalate this corrective action to the next level Action Plan up to termination of your employment.

1 | Page

# First Data.

## Statement of Understanding:

I understand that my signature is acknowledgement that I have discussed this document with my manager. I have read and understand the document and realize that I am not currently meeting the minimum required level of performance in my position. I understand I may be subject to disciplinary action up to and including termination of employment if I am unable to successfully meet these expectations. I have been given a copy for my records.

**Employee Signature:** _____    Date: _____

**Manager's Signature:** _____    Date: _____

---

Once signed – NTF Provisioning:
1. Copy to Employee
2. Copy to Manager File
3. Copy to the employeefilerequests@firstdata.com

From: Speak, Sharon
To: [redacted]
Subject: FW: [redacted] For your records
Date: Monday, November 19, 2018 11:57:20 AM
Attachments: image001.png

Hey there... updates attached.
- Termed on 2/13/18
- Annette approved for call avoidance

## Termination Notice

Termination Notice

293970

Hagerstown

11/27/2017

11/27/2017

| | |
|---|---|
| Effective Date: | 2/13/2018 |
| Employee's Name: | [redacted] |
| Team Manager: | Russ-Glay, Kristy |
| Days with Company: | 78 |
| Days in Department: | 78 |

Thank you,
Shanon Speak
Director – CCO Operations
First Data, 1 Western Maryland Parkway, Hagerstown, MD 21740
Office: 301-766-5417
Cell: 240-625-5099
shanon.speak@firstdata.com | firstdata.com

# First Data.

From: Speak, Shanon
Sent: Tuesday, February 13, 2018 5:04 PM
To: Russ-Glay, Kristy
Cc: Parks, Traci
Subject: [redacted] For your records

Hi, Kristy – To keep for your records

- Final PIP delivered for call avoidance on Monday morning as well as attendance within 30 days
- He questioned Parks about a 5 minute variance, per his peers, that he is permitted in the morning
- I outlined the email below to show he was 13 minutes late logging in from getting his breakfast, although he swiped the time clock appropriately
- When Traci when to ask him to read this email, he was away from his desk. Upon returning he picked up the line and thanked his merchant for holding
- I went to Annette and she supported term for call avoidance

Speak, Shanon 4:52 PM
Hey Traci were out to call [redacted]
He walked away when she went out
She waited, he came back and picked up the phone
he put a merchant on hold to go potty
can I term him now
Msgd Annette V. 4:53 PM
YES
Thank you,
Shanon Speak
Director – CCO Operations
First Data, 1 Western Maryland Parkway, Hagerstown, MD 21740
Office: 301-766-5417
Cell: 240-625-5099
shanon.speak@firstdata.com | firstdata.com

# First Data.

From: Speak, Shanon
Sent: Tuesday, February 13, 2018 1:47 PM
To: [redacted]
Cc: Russ-Glay, Kristy; Parks, Traci

EXHIBIT M

Subject: Phone Login

Hello [REDACTED], I wanted to touch base about your existing login to the phone and how that connects to the PIP that was given by Kristy since she is out of the office and you had some questions for Traci. I hope this adds clarity to how one day can impact your overall performance scorecard. Please let me know if you would like to discuss in further detail.

On 2/12/18 – Monday

- You logged into your phone at 10:43, 13 minutes late
- You logged out of your phone at 12:40, returning at 1:01, 21 minute break (should be 15 minutes)
- You logged out at 1:51, returning at 2pm, 9 minutes (?)
- You logged out at 3:03pm, returning at 3:50pm, 47 minute lunch (should be 30 minutes)
- You logged out at 4:57pm, returning at 5:07pm, 10 minutes (?)
- You logged out at 6:08pm, returning at 6:26pm, 21 minutes (should be 15 minutes)
- You logged out at 6:30pm, returning at 6:35pm, 5 minutes (?)
- Departure for the day at 7:02pm

The image below is in Central time.

Agent Login/Logout - [REDACTED]

Report Edit Format Tools Options Help

Login/Logout
Login Date: 2/12/2018-2/13/2018
Printed: 2/13/201 12:30 PM
ACD: ACD1

| Agent | Extn | Login Time | Login Date | Logout Time | Logout Date |
|---|---|---|---|---|---|
| HAG | 34056 | 9:43AM | 2/12/2018 | 11:40AM | 2/12/2018 |
| HAG | 34056 | 12:01PM | 2/12/2018 | 12:51PM | 2/12/2018 |
| HAG | 34056 | 1:05PM | 2/12/2018 | 2:03PM | 2/12/2018 |
| HAG | 34056 | 2:50PM | 2/12/2018 | 3:57PM | 2/12/2018 |
| HAG | 34056 | 4:07PM | 2/12/2018 | 5:05PM | 2/12/2018 |
| HAG | 34056 | 5:26PM | 2/12/2018 | 5:28PM | 2/12/2018 |
| HAG | 34056 | 5:29PM | 2/12/2018 | 5:30PM | 2/12/2018 |
| HAG | 34056 | 5:35PM | 2/12/2018 | 6:02PM | 2/12/2018 |
| HAG | 34056 | 9:37AM | 2/13/2018 | 10:35AM | 2/13/2018 |
| HAG | 34056 | 11:12AM | 2/13/2018 | 11:30AM | 2/13/2018 |
| HAG | 34056 | 11:47AM | 2/13/2018 | 12:20PM | 2/13/2018 |

Thank you,

**Shanon Speak**

Director – CCO Operations

First Data | 1 Western Maryland Parkway, Hagerstown, MD 21740

Office: 301-766-5417

Cell: 240-625-5099

shanon.speak@firstdata.com | firstdata.com

First Data.