**EXHIBIT 17**



U.S. EMPLOYMENT OPPORTUNITY COMMISSION
Baltimore Field Office

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Baltimore Direct Dial: (410) 209-2247
TTY (410) 962-6065
FAX (410) 209-2221
FAX (410) 962-4270
http://www.eeoc.gov

CHARGE NO.: 846-2016-24046

Ms. Terri Cowgill
121 E. North Street
Waynesboro, Pennsylvania 17268

First Data
1 Western Maryland Parkway
Hagerstown, Maryland 21740

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission the following determination as to the investigation of the subject charge filed under the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADA).

Respondent is an employer within the meaning of the ADA, and all jurisdictional requirements for coverage have been met.

Charging Party alleges she was denied reasonable accommodations, disciplined and then discharged because of her disability. Charging Party worked for Respondent as Call Center Representative under the supervision of Dawn Rowe. In January 2015, the Charging Party got into an automobile accident which resulted in her disability. Subsequently, the Charging Party requested Family and Medical leave and a decreased work schedule as a reasonable accommodation. Shortly thereafter, the Charging Party received disciplinary actions due to her absences. Then, the Charging Party was ultimately discharged for violating Respondent's Call Avoidance Policy.

Respondent denies the allegations that it discriminated against Charging Party. Respondent asserts that after the Charging Party requested a decreased work schedule and intermittent Family and Medical Leave as reasonable accommodations, her requests were granted. After it was discovered that the Charging Party was charged for absences relating to her disability, those absences were removed from her record.

Respondent contends that the Charging Party was discharged for violating its Call Avoidance Policy on at least two occasions, even though she was aware of such policy.

An analysis of the evidence provided during the course of this investigation, which includes credible witness testimony, shows that after the Charging Party requested Family and Medical Leave and a reduced work schedule related to her disability, her requests were granted. When the Charging Party



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Baltimore Field Office

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Baltimore Direct Dial: (410) 209-2247
TTY (410) 962-6065
FAX (410) 209-2221
FAX (410) 962-4270
http://www.eeoc.gov

JUN - 5 2019

Terri Cowgill
121 E. North Street
Waynesboro, Pennsylvania 17268

Re:   EEOC Charge No.: 846-2016-24046
      Cowgill v. First Data

Dear Ms. Cowgill:

After careful review of the information obtained from you and Respondent, EEOC is unable to conclude that the information obtained establishes a violation of the statute(s) as you have alleged.

You allege that you were discriminated against because of your disability after you were denied reasonable accommodations, disciplined and discharged in violation of the ADA.

Respondent contends that it accommodated your request for a reduced schedule based on your disability. Respondent further admits that you were mistakenly issued a final written warning for attendance, however, the warning was rescinded as several of your absences were related to your Family and Medical Leave. Additionally, Respondent asserts that it repeatedly renewed your intermittent leave at the frequency of 1-2 days per month through February 20, 2016.

Lastly, Respondent contends that you were disciplined and later discharged based on two instances in which you violated its Call Avoidance Policy.

Upon reviewing the evidence provided by both you and the Respondent, it cannot be concluded that you were discriminated against based on your disability. Evidence provided during the investigation shows that you were reasonably accommodated when Respondent approved your requests for a reduced work schedule.

Regarding the written disciplinary actions, Respondent contends that the final written warning which was issued due to your attendance was removed from your record after it was discovered that the absences were related to your disability. Furthermore, evidence provided by the Respondent shows that nondisabled Representatives were discharged for the similar offense of call avoidance.

Based on the analysis of evidence provided during the investigation, it can not be concluded that you were denied reasonable accommodations, disciplined and discharged because of your disability. Therefore, you are being issued a Dismissal and Notice of Rights which affords you the opportunity to take this matter into Federal Court. You have the right to file a lawsuit against the employer within 90 days from the date you receive the Dismissal and Notice of Rights. If you fail to file a lawsuit within the appropriate time frame, you will lose right to pursue this matter in court.

advised Respondent that she had been disciplined unjustly for absences related to her disability, those absences were overturned and the disciplinary notices were removed from her record.

The Commission has requested additional information and records relevant to the subject charge of discrimination as it relates to similarly situated employees who were discharged for violation of the call avoidance policy; however, the Respondent has failed to provide its response. Based on Respondent's failure to produce the requested response, I have inferred that examination of Respondent's evidence would not refute the Charging Party's allegations. Therefore, I have determined that the evidence provided by the Charging Party establishes reasonable cause to believe that Respondent violated the ADA after it discharged the Charging Party.

As to all other allegations, I make no finding.

Upon finding reasonable cause that unlawful employment practices have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Conciliation is Respondent's opportunity to voluntarily remedy the unlawful employment practices found to have occurred. Ultimately, any conciliation agreement must be acceptable to the Commission. Forthcoming under separate cover is a proposed conciliation agreement designed to remedy the unlawful employment practices found to have occurred in this Letter of Determination. Respondent is invited to respond to this proposal within 14 days of receipt

If Respondent fails to engage in conciliation, or if the Commission determines, in its sole discretion, that conciliation has failed, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

MAR 2 1 2019

DATE

ON BEHALF OF THE COMMISSION:

Rosemarie Rhodes
Director

cc:

Cody Brookhouser-Sisney, Esq.
Attorney at Law
MCGRATH NORTH MULLIN & KRATZ, PC LLO
First National Tower, Suite 3700
1601 Dodge St.
Omaha, NE 68102